IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

DANNY JAMES COHEA,

      Plaintiff,

vs.

H. TUCKER, *et al.*,

      Defendants.

Case No. 1:14-cv-01544-RRB

**ORDER VACATING ORDER
GRANTING *IN FORMA PAUPERIS***

Danny James Cohea, a California state prisoner appearing *pro se* and *in forma pauperis*,[1] filed this civil rights action under 42 U.S.C. § 1983. Cohea is confined at the California State Prison, Corcoran, where the acts giving rise to this action occurred. In his Complaint Cohea acknowledges that he has filed "several" lawsuits while a prisoner. Cohea further states that, with respect to the requirement to describe those lawsuits, all of the information is "unknown"—including the names of the plaintiff.[2]

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility, brought
> an action or appeal in a court of the United States that was dismissed on the
> grounds that it is frivolous, malicious, or fails to state a claim upon which

---

[1] Docket 4.

[2] The Court notes with displeasure that, although he signed the Complaint under penalty of perjury, it is inherently implausible that Cohea could not know the name of the plaintiff in cases in which he was the plaintiff.

ORDER REVOKING *IN FORMA PAUPERIS*
*Cohea v. Tucket*, 1:14-cv-01544-RRB - 1

relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[3]

The Court notes that Cohea has previously filed several actions that were dismissed for a failure to state a claim upon which relief may be granted.[4] Most recently in this District: *Cohea v. Grannis*, 1:12-cv-01739-LJO-MJS (E.D. Calif); *Cohea v. Melo*, 1:15-cv-00353-AWI-DLB (E.D. Calif) (also invoking the three-strikes rule);[5] and *Cohea v. Jones*, 2:12-cv-01294-WBS-EFB (E.D. Calif).

Cohea appears to attempt to the circumvent the three-strikes rule by including in his caption "Imminent Danger of Physical Injury." Cohea's Complaint challenges disciplinary actions, resulting in his confinement in the prison's Security Housing Unit ("SHU"), with the resultant loss of privileges and good time credits. How and to what extent the challenged actions create a significant risk of imminent danger of physical injury is both unexplained and inexplicable. Furthermore, the Court notes that the Court in in *Melo* rejected Cohea's argument that the conditions of his confinement created an imminent danger exception.[6] Nothing in the pending Complaint persuades the Court to reach a contrary result.

---

[3] 28 U.S.C. § 1983(g).

[4] The Court takes judicial notice of these cases.  Fed. R. Evid. 201.

[5] Citing *Cohea v. Bray*, 2:97-cv-0366-FCD-DAD (E.D. Cal.), *Cohea v. Access Secure Pak*, 3:09-cv-0679-RCJ-RAM (D. Nev.), and *Cohea v. Patzloff*, 3:10-cv-0437-IEG-RBB (S.D. Cal.).

[6] The Ninth Circuit dismissed Cohea's appeal in *Melo sua sponte* stating that "the appeal is so insubstantial as to not warrant further review, it shall not be permitted to proceed." *In re Danny James Cohea*, Respondent, Case No. 08-80123 (9th Cir. May 12, 2015).

## ORDER

Accordingly, the Order Granting Application to Proceed In Forma Pauperis at Docket 4 is hereby vacated as improvidently entered.

Not later than **July 10, 2015**, Cohea must remit to the Clerk of the Court the full amount of the unpaid filing fee or this matter will be dismissed without further notice.

*In the event Plaintiff fails to comply with this Order within the time specified, or such additional time as the Court in its discretion may allow, the Complaint may be dismissed without further notice*.

**IT IS SO ORDERED** this 19th of June, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE