IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANNY JAMES COHEA,<br><br>    Plaintiff,<br><br>vs.<br><br>H. TUCKER, *et al.*,<br><br>    Defendants. | Case No. 1:14-cv-01544-RRB<br><br>**ORDER DENYING RECONSIDERATION**<br>**[MOTION AT DOCKET 9]** |

At **Docket 9** Danny James Cohea, a California state prisoner appearing *pro se*, has moved this Court to reconsider its Order Vacating Order Granting *In Forma Pauperis*.[1]

Under the law of the case doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same or a higher court in the same case.[2] However, the law of the case doctrine is not a shackle without a key. Federal Rule Civil Procedure 59 governs post-judgment motions to amend judgment or for new trial, not interlocutory orders. If the court enters an interlocutory order without entering a final judgment, e.g., an order granting summary judgment but no final judgment is entered under Federal Rule Civil Procedure 54, Rule 59 does not apply.[3] Likewise, Rule 60(b) by its very

---

[1] Docket 8.

[2] *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).

[3] *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000). For entry of a partial judgment *see* Fed. R. Civ. P. 54(b); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ., § 2715 (3d ed.).

terms applies solely to final judgments.[4] However, as long as a district court retains jurisdiction over a case, it has inherent power to reconsider and modify an interlocutory order for sufficient cause.[5]

That inherent power is not unfettered: a court may depart from the law of the case doctrine where: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial."[6] In this case, only the first ground, that the order was clearly erroneous, has any application.

In his 39-page motion Cohea raises essentially four points:[7] (1) that the Court erred in relying on *Cohea v. Melo*, 1:15-cv-00353-AWI-DLB (E.D. Calif); (2) that the Court should disregard his prior strikes because there is a conspiracy among the courts in the Ninth Circuit to deny Cohea his rights to judicial review; (3) error in finding the lack of "imminent danger of physical injury"; and (4) that some of the strikes were improperly considered because they were on appeal.

---

[4] *See Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005); *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013); *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000).

[5] *City of Los Angeles, Harbor Div. v. Santa Monica*, 254 F.3d 882, 885 (9th Cir. 2001).

[6] *Jeffries v. Wood,* 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc) (footnote and internal quotes omitted); *see Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995); *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[7] The Court rejects Cohea's objections concerning the Court's observation on his failure to identify himself as the plaintiff in his prior actions and the failure to advise him of the amount of the unpaid filing fee as frivolous.

Initially, the Court summarily rejects Cohea's first, second, and fourth points. Whether or not the adverse decisions of either the District Court or the Ninth Circuit were properly decided, irrespective of the basis for the challenge to those decisions, the principles of *res judicata* preclude this Court from disregarding them. As to Cohea's fourth point, the Supreme Court recently held that the fact that a dismissal was on appeal did not preclude its being consider a "strike."[8]

With respect to Chohea's "imminent danger" allegation, as the Court noted its earlier Order, how the conditions of the nature of his incarceration places him in any imminent danger is unexplained and inexplicable. In his Complaint Cohea contends in purely conclusory terms that the application of the security measures and precautions by California Department of Corrections and Rehabilitation personnel somehow placed him at risk of serious physical injury.[9] It appears that, with respect to his "imminent danger" allegation, Cohea challenges his being outwardly labeled, i.e., viewable by the general prison populace, a "sex offender/exhibitionist." The insurmountable problem Cohea faces is that the gravamen of his Complaint challenges the disciplinary action taken against him in a Rules Violation Report ("RVR") proceeding under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Cohea alleges that the RVR was filed in retaliation for his filing of grievances against one or more of the named Defendants. The remainder

---

[8] *Coleman v. Tollefson*, 135 S.Ct. 1759, 1763–65 (2015).

[9] Although Cohea alleges the murder of one prisoner and unspecified multiple assaults or attempted murders on African-American male prisoners, he does not alleged a single instance in which he has been assaulted or even threatened with physical harm by any prisoner.

ORDER DENYING RECONSIDERATION
*Cohea v. Tucker*, 1:14-cv-01544-RRB - 3

of Cohea's Complaint attacks the RVR process itself, alleging that at all stages it was based upon false and fraudulent information, in a procedural manner that violated his constitutional due process rights. Even if the Court were to find in Cohea's favor on the allegations of his Complaint, i.e., invalidate the disciplinary action,[10] it would not alleviate his unsubstantiated, speculative threat of imminent danger of physical injury. Consequently, the Court has no basis upon which to reconsider its prior Order revoking Cohea's *in forma pauperis* status.

## ORDER

Accordingly, Plaintiff's request that the Court reconsider its order at Docket 8 directing Cohea to pay the filing fee is **DENIED**.

The Court extends the time within which Cohea must pay the filing fee through and including **August 7, 2015**. In all other respects the order Revoking *In Forma Pauperis* Status at Docket 8 is affirmed.

***In the event Plaintiff fails to comply with this Order within the time specified, or such additional time as the Court in its discretion may allow, the Complaint may be dismissed without further notice***.

**IT IS SO ORDERED** this 16th of July, 2015

S/ RALPH R. BEISTLINE<br>UNITED STATES DISTRICT JUDGE

---

[10] The Court notes that, although somewhat unclear, it appears that it is more likely than not that Cohea was also assessed the loss of good time credits, i.e., the claim that the acts interfered with his rights to receive a parole date. In that case, the appropriate action is a petition for *habeas corpus*, not a § 1983 civil rights action. *Prieser v. Rodriguez*, 411 U.S. 475, 499–500 (1973); *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002) ("it has been clear for over thirty years that a state prisoner seeking injunctive relief against the denial or revocation of good-time credit must proceed in habeas corpus, and not under § 1983.").