IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANNY JAMES COHEA,<br><br>       Plaintiff,<br><br>vs.<br><br>H. TUCKER, *et al.*,<br><br>       Defendants. | Case No. 1:14-cv-01544-RRB<br><br>**ORDER DENYING RECONSIDERATION<br>[MOTION AT DOCKET 15]** |

At **Docket 15** Danny James Cohea, a California state prisoner appearing *pro se*, has filed a timely Motion to Vacate the Judgment.[1] The record in this case shows that the Court revoked Cohea's *in forma pauperis* ("IFP") status.[2] Cohea then moved the Court to reconsider that Order,[3] which the Court denied.[4] Subsequently, the Court dismissed the Complaint and entered final judgment.[5]  Cohea has appealed from that judgment.[6]

A motion to reconsider is treated as a motion under Rule 59(e) if it is filed within 28 days after entry of judgment, otherwise it is treated as a motion brought under Rule 60(b).[7]

---

[1] Fed. R. Civ. P. 59(e) or, alternatively, Fed. R. Civ. P. 60.

[2]  Docket 8.

[3]  Docket 9.

[4]  Docket 10.

[5]  Dockets 11 (Order Dismissing Case), 12 (Judgment).

[6]  Docket 13.

[7]  *American Ironworks & Erectors, Inc. v. North Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

The pending motion was brought within the 28-day window of Rule 59. A court may grant relief under Rule 59(e) under limited circumstances: (1) an intervening change of controlling authority; (2) new evidence has surfaced; or (3) the previous disposition was clearly erroneous and, if uncorrected, would work a manifest injustice.[8] Cohea's motion invokes solely the third circumstance: clearly erroneous.

In revoking Cohea's IFP status the Court did so based upon the three-strikes rule;[9] specifically that he had not pleaded, nor could he plausibly plead, that he fell within the imminent danger exception. In denying Cohea's first motion for reconsideration, in addition to rejecting Cohea's arguments concerning the prior strikes, the Court noted that: "[e]ven if the Court were to find in Cohea's favor on the allegations of his Complaint, i.e., invalidate the disciplinary action, it would not alleviate his unsubstantiated, speculative threat of imminent danger of physical injury."[10]

Nothing in Cohea's current 12-page motion presents any argument relevant to the application of the three-strikes rule to his Complaint that the Court has not previously considered and rejected. Accordingly, Cohea's request that the Court reconsider its Order at Docket 8 directing him to pay the filing fee is hereby **DENIED**.

**IT IS SO ORDERED** this 30th day of September, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[8] *See Circuit City Stores v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999).

[9] 28 U.S.C. § 1983(g).

[10] Docket 10, p. 4 (footnote omitted).